UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MARSHA POE,                              )
                                         )
        Plaintiff,                       )
                                         )
            v.                           ) CAUSE NO: 1:20-cv-01431-
                                         )
DENISEN PARKING SERVICES,                )
                                         )
        Defendant,                       )

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Mrs. Marsha Poe, (hereinafter "Mrs. Poe") by counsel, and

files his Complaint against Defendant, Denison Parking Services (hereinafter "Defendant") and

shows the Court the following:

## JURISDICTION AND VENUE

1.      This suit is brought and jurisdiction lies pursuant to §28 U.S.C. § 1331, 1337,

1343 and 1345. This is an action authorized and instituted pursuant to Title VII of the Civil

Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. § 1981, sex

discrimination under Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

2000e-2(a)(1), and/or the Indiana Civil Rights Law, I.C. § 22-9-1-3.

2.      The employment practices alleged to be unlawful were and are now being

committed within the jurisdiction of the United States District Court for the Southern District of

Indiana, Indianapolis Division. Therefore, venue is proper within this District and Division

pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. §1391.

3.      This Court has Supplemental jurisdiction over any state law claims alleged in this

Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367. Jurisdiction is

proper as the state law claims arise out of the same transaction or occurrence that is the subject matter of the federal claims in this Complaint. Accordingly, justice and judicial economy require that this Court assert supplemental jurisdiction over any state law matters alleged in this Complaint.

## PARTIES

4.     Mrs. Poe, is a female citizen of the United States, and is a qualified employee as defined in Section 701(f) of Title.

5.     At all time relevant hereto, Mrs. Poe was an "employee" as that term is defined in Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e(f), and/or the Indiana Civil Rights Law, Ind. Code § 22-9-1-3(i).

6.     Defendant is a qualified employer as the term is defined in Section 701(f) of Title VII.

7.     At all times relevant hereto, the Defendant was an "employer" as that term is defined in  Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e(b), and/or the Indiana Civil Rights Law, Ind. Code § 22-9-1-3(h).

8.     Defendant is a domestic for-profit corporation doing business in the state of Indiana and registered with the Indiana Secretary of State.

## ADMINISTRATIVE PROCEDURES

9.     On or about February 11, 2020, Mrs. Poe filed charges of sex discrimination, race discrimination, and retaliation; with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 470-2020-00448.

10.     On or about February 18, 2020, the EEOC mailed its Notice of Right to Sue for Charge Number 470-2020-00448, entitling her to commence action within ninety (90) days of

her receipt of the Notice. A copy of the Notice is attached hereto and incorporated herein by reference as Exhibit "A".

11. The Complaint in this matter was filed within ninety (90) days of receipt of the above referenced Notice of Right to Sue from the EEOC.

## **FACTS**

12. The Defendant hired Mrs. Poe in 2016.

13. Throughout her employment with Defendant, Mrs. Poe met or exceeded Defendant's legitimate expectations of performance.

14. In fact, she was promoted in August of 2019.

15. Her new position was Assistant Facility Manager.

16. She changed facilities when she was promoted.

17. Almost immediately, she began to experience discrimination.

18. Mrs. Poe had multiple instances where she was bullied and harassed by Shanna Thompson.

19. Mrs. Poe sought intervention and advice from her Supervisor, Gabe Gebru, who is a male and of an Indian descent.

20. She also sought assistance and intervention from Manager, Andy Berez, who is a male.

21. Neither assisted her with her issues nor offered to intervene in any way.

22. Supervisor, Gabe Gebru would not assist Mrs. Poe when she asked the proper way to do various tasks in her job.

23. Instead of assisting her he berated her and yelled at her.

24. Mrs. Poe was at lunch with her coworkers when she mentioned the group Women in Parking that she was a part of.

25. Gabe Gebru made a derogatory comment about not needing this group for women.

26. I made numerous complaints to Human Resources about the discrimination that I was experiencing.

27. On September 30, 2019, I made another complaint to Melissa Brown in Human Resources.

28. In my complaint, I explained that I was being harassed and bullied by Ms. Thompson, and well as discriminated against by Mr. Gebru, and Mr. Berez.

29. Despite my complaints to Human Resources, no investigation was conducted.

30. In an effort to get away from the hostile work environment, Mrs. Poe accepted a position at another facility and was going to be transferred on October31, 2019.

31. However, on October 29, 2019, a couple of days before she was scheduled to be transferred, Mrs. Poe attended a meeting with Ms. Brown and several other coworkers.

32. After the meeting, Mrs. Poe spoke to a coworker, Rashee Sanders, and vaguely mentioned the meeting and asked what she thought.

33. Nothing else was said about it and she didn't think anything of the conversation.

34. However, on October 31, 2019, Ms. Brown came to the garage and took the coworker whom she had spoken to, Rashee Sanders, into the office and spoke to her for a while.

35. Rashee Sanders emerged from the office after about a hour half and was crying.

36. Mrs. Poe went to comfort her, and she told her "I shouldn't be out in this position ever."

4

37.    Ms. Brown then asked to speak with Mrs. Poe in Gabe's office.

38.    Once they were in the office, Mrs. Brown stated that she heard that Mrs. Poe had conversations about the meeting and advised her that her coworkers felt threatened from my conversation with her.

39.    Ms. Brown also advised Mrs. Poe that she broke confidentiality by discussing the meeting.

40.    Mrs. Poe was then terminated for breaching confidentiality.

41.    Mrs. Poe never signed any confidentiality agreement during her employment with Denison.

42.    There was not a proper investigation into any allegations.

43.    Mrs. Poe was not given a chance to tell what happened from her point of view.

44.    When Mrs. Poe was terminated, her manager, Andy Berez, was on vacation and not even part of the "investigation"

45.    Mrs. Poe was really fired in retaliation for making complaints about the hostile work environment and the discrimination that I faced.

## COUNT I

## DISCRIMINATION ON THE BASIS OF SEX

46.    Mrs. Poe hereby incorporates by reference paragraphs 1 through 45 as though previously set out herein.

47.    Mrs. Poe's work environment was hostile towards women.

48.    The Defendant did nothing in response to Mrs. Poe's complaints of sexual harassment to ensure that the behavior stopped.

49.    The Defendant allowed Mrs. Poe's co-workers to escalate the hostile environment.

50.    By the conduct described hereinabove, the Defendant has willfully and intentionally, with malice or reckless disregard of the Plaintiff's rights as a female employee, engaged in unlawful and discriminatory employment practices, materially affecting and altering the terms and conditions of the Plaintiff's employment, in violation of Title VII.

51.    Mrs. Poe has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## COUNT II

## DISCRIMINATION ON THE BASIS OF RACE

52.    Mrs. Poe hereby incorporates by reference paragraphs 1 through 51 as though previously set out herein.

53.    The Defendant discriminated against Mrs. Poe due to her race.

54.    The Defendant offered more favorable terms of employment to employees who not Caucasian which had a disparate impact on Mrs. Poe.

55.    The Defendant retaliated against Mrs. Poe for reporting race discrimination.

56.    By the conduct described hereinabove, the Defendant has willfully and intentionally, with malice or reckless disregard of Mrs. Poe's  rights engaged in unlawful and discriminatory employment practices including retaliation for reporting race discrimination, materially affecting and altering the terms and conditions of her employment, in violation of Title VII.

57.    Mrs. Poe has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## COUNT II
## RETALIATION

58.     Mrs. Poe hereby incorporates by reference paragraphs 1 through 57 as though previously set out herein.

59.     Defendant left Mrs. Poe in an environment that was sexually hostile after she made complaints of sexual harassment without correcting the environment.

60.     Defendant finally terminated Mrs. Poe in retaliation for reporting sexual harassment.

61.     Mrs. Poe was terminated due to her sex.

62.     By the conduct described hereinabove, the Defendant has willfully and intentionally, with malice or reckless disregard of the Plaintiff's rights as a female employee, engaged in unlawful and discriminatory employment practices, materially affecting and altering the terms and conditions of the Plaintiff's employment.

## REQUESTED RELIEF

WHEREFORE, Mrs. Poe, respectfully requests that this Court enter judgment in her favor and:

a.     Order Defendant to pay Mrs. Poe her lost wages, unpaid bonuses and other economic benefits lost as a result of Defendant's unlawful acts;

b.     Reinstatement to the position, salary and seniority level to which she would have been entitled but for the Defendant's unlawful actions, or front pay in lieu of reinstatement.

c.     compensatory damages;

d.     punitive damages;

e.     liquidated damages

7

f.      lost future wages

g.      All costs and attorney's fees incurred as a result of bringing this action;

h.      Payment of all pre- and post-judgment interest; and

i.      Provide to Mrs. Poe all other legal and/or equitable relief this Court sees fit to

grant.

## DEMAND FOR JURY TRIAL

Mrs. Poe, by counsel, respectfully requests a jury trial for all issues deemed so triable.


Respectfully submitted:

/s/ *Tiffany R. Guthrie*
Tiffany R. Guthrie 35878-49
 Darron S. Stewart #21114-29
STEWART & STEWART ATTORNEYS
931 S. Rangeline Rd.
Carmel IN 46032
(317) 846-8999
(317) 843-1991
Tiffany@getstewart.com
Darron@getstewart.com
Attorneys for Plaintiff, Marsha Poe